United States District Court
For the Northern District of California

**\*E-FILED 07-29-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST FEDERAL BANK OF CALIFORNIA, | No. C10-03199 HRL |
| Plaintiff, | **ORDER REFERRING CASE TO JUDGE FOGEL FOR RELATED CASE DETERMINATION** |
| v. | |
| PEPITO C. LIM; DOES 1-20, inclusive, | **REPORT AND RECOMMENDATION** |
| Defendant. / | |

The instant action is hereby referred to Judge Fogel for a determination whether it is related, within the meaning of Civil Local Rule 3-12, to *First Federal Bank of California v. Lim*, Case No. C10-02694 JF (HRL).

For the second time, defendant Pepito Lim attempts to remove an unlawful detainer action from Santa Clara County Superior Court. Defendant's first try failed because he did not show any federal basis for removal. (*See* Case No. C10-02694 JF (HRL), Docket Nos. 4-5). Defendant's current attempt to remove the very same state lawsuit fares no better. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff First Federal Bank of California ("First Federal") filed this unlawful detainer action on December 9, 2009 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale.

(Complaint, ¶¶ 5-6). The complaint further alleges that on November 25, 2009, plaintiff served defendant with a notice to vacate, but defendant refused to deliver possession of the property. (*Id.* ¶¶ 7-9).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendant once again asserts that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Defendant fails to support his assertion that this action arises under federal law. His notice of removal indicates that he has filed a separate lawsuit in state court against First Federal in connection with the foreclosure of the subject property. He further asserts that the mere filing of the unlawful detainer complaint by First Federal and the state court's acceptance of that complaint constitutes a violation of his Fifth Amendment due process rights. As this court stated with respect to defendant's prior removal notice, allegations in his removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.[1] Moreover, the complaint that defendant seeks to remove states only a cause of

---

[1] On the record presented here, it is not apparent that defendant could state a claim for alleged constitutional violations against plaintiff or the state court. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that claims for alleged constitutional deprivations could not be asserted against private actors and were

2

action for unlawful detainer; it does not allege any federal claims whatsoever.  Accordingly, defendant has once again failed to show that removal is proper on account of any federal substantive law.  Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[2]  *See* 28 U.S.C. § 1332(a).

The undersigned therefore RECOMMENDS that the instant action be summarily remand the case to Santa Clara County Superior Court.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated:   July 29, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

otherwise barred by judicial immunity and the Eleventh Amendment).

[2]   Defendant does not establish diversity of citizenship in his removal notice, and a review of the complaint shows that it specifies that the "amount of damages claimed in this action does not exceed $10,000.00." (Complaint ¶ 1c.)  And, plaintiff otherwise seeks only possession of the property and the costs of suit. (*Id.* at 3.)  In addition, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

3

1   5:10-cv-03199-HRL Notice mailed to:

2   Earl R Wallace
    Ruzicka and Wallace LLP
3   16520 Bake Parkway, Suite 280
    Irvine, CA 92618

4

    Pepito C. Lim
5   1955 Hogan Drive
    San Jose, CA 95054